THEODORE CASE, Respondent, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 2, 1895.

Practice, Appellate: WEIGHING THE EVIDENCE. The fact that the verdict in an action at law is supported only by the testimony of the plaintiff, and that his testimony is contrary to that of the witnesses for the defendant, will not take the case out of the rule against the review of conflicting evidence in such actions by this court.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*James P. Wood* for appellant.

*Robert S. MacDonald* and *Chester H. Krum* for respondent.

BOND, J.—Plaintiff sues for a balance of $7,450, as the reasonable value of his services as the general attorney of the defendant during four years ending April, 1890. Defendant answered admitting plaintiff's employment and services, but averring that they were under a special [contract, whereby $50 per month and the personal expenses of plaintiff in the performance of his duties were the full compensation to be received by plaintiff, and that this compensation had been fully paid. There was substantial evidence tending to support the allegations of the petition, and also the defense set up in the answer. The jury returned a verdict for plaintiff for $2,500, after deducting all credits. From a judgment thereon defendant has appealed.

The first error assigned is that the verdict is not supported by the evidence, because it is opposed to all testimony except that of plaintiff himself. The fact that plaintiff's testimony was contrary to that of the witnesses on behalf of the defendant, as shown in this record, makes a case of conflicting evidence, wherein we have no power to disturb the finding of the jury. This point will, therefore, be overruled.

Neither did the trial court err in refusing instruction "C." requested by appellant. By this instruction the court was requested, in effect, to tell the jury that the salary vouchers expressed to be "on account," given defendant, were payments in full, unless there was an agreement that they were "not in full satisfaction" of plaintiff's services, and that the burden of showing this agreement was upon him.

As the face of the salary vouchers showed that they were made out "on account," we do not see how plaintiff could be required to go further and prove that, by an oral agreement with defendant, they meant what they clearly stated.

The other instructions given by the court fully placed all the issues before the jury. The case was tried without the intervention of any legal error, and we are constrained to affirm the judgment. Judge ROMBAUER concurs; Judge BIGGS not sitting.